IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CURTIS HYRAM PASCHAL, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 10-502 |
| | ) | |
| v. | ) | |
| | ) | |
| UNIVERSITY OF PITTSBURGH | ) | |
| SCHOOL OF DENTAL MEDICINE, | ) | |
| And DR. MARK W. OCHS, | ) | |
| | ) | |
| Defendants. | ) | |

## RULE TO SHOW CAUSE

CONTI, District Judge

I. **Introduction**

Plaintiff Curtis Hyram Paschal ("plaintiff" or "Paschal"), acting pro se, brings a complaint ("Complaint") (ECF No. 2) filed on April 15, 2010 against defendants University of Pittsburgh School of Dental Medicine[1] ("University"), and Dr. Mark W. Ochs ("Ochs" and together with University, "defendants"). In the Complaint plaintiff states that jurisdiction is pursuant to:

> 42 U.S.C §1981 – Prohibits race discrimination in contractual relationships.
> 42 U.S.C §1983 – Prohibits discrimination "acting under color of state law".
> 42 U.S.C § 1359 dd, Emergency medical treatment and Active LaborAct.[sic]

---

[1] Defendant University of Pittsburgh School of Dental Medicine alleges it is incorrectly identified in the Complaint. Its correct name is University of Pittsburgh – of the Commonwealth System of Higher Education ("University").

> 42 U.S.C § 2000h-2-2 Denial of equal protection on account of race.
> U.S. Patients [sic] Bill of Rights Act of 1999.
> Title VI of the Civil Rights Act of 1964.
> 14th Amendment- Equal Protection and Due Process clause.

(Compl. ¶ 3.) Plaintiff states that both plaintiff and defendant University[2] are residents of Pittsburgh, Pennsylvania. (Id. at ¶¶ 1-2.)

### A. Allegations in the Complaint

Plaintiff asserts that on May 8, 1996, defendant[3] and he agreed upon a written contract for a $4,000 treatment plan, on which plaintiff made a $2000 payment. (Id. ¶¶ 4, 6.) Plaintiff maintains that, on June 9, 1996, Ochs inserted six dental implants in plaintiff. (Id. ¶ 5.) Plaintiff claims defendants breached the contract by failing to complete all treatment stipulated in his plan, by denying plaintiff further treatment, including treatment in the emergency room on May 4, 2000. (Id. ¶¶ 7, 8. 10.) Plaintiff asserts that, on July 9, 2000 he had two infected implants removed at the University of Minnesota School of Dental Medicine; and on March 9, 2009, he had four infected implants removed at the University of West Virginia School of Dental Medicine. (Id. ¶¶ 11, 12.) Plaintiff contends that defendants' treatment caused him pain and emotional distress for which he was undergoing psychiatric treatment at the time he filed the Complaint. (Id. ¶¶ 13-14.)

The Complaint sets forth a sole count of negligence ("count one"). There under plaintiff alleges:

> 16. Plaintiff an African-American was denied emergency room

---

[2] The Complaint does not state the residency of defendant Ochs.

[3] It is not clear which defendant plaintiff refers to in the Complaint

> treatment by defendant.
>
> 17. Defendans [sic] breached their duty by denying plaintiff further teatment. [sic]
>
> 18. Breach of professional duty constitutes negligence in this jurisdiction.
>
> 19. Defendants negligence proximately caused the Plaintiff to suffer damages.

(Id. at ¶¶ 16-19.)

Plaintiff requests the court to adjudge defendants liable to him for his pain and suffering and for the negligent infliction of emotional distress. Plaintiff also requests the court to impose a permanent injunction on defendants based upon defendants' alleged breach of professional duty and deprivation of a racial minority plaintiff's rights, privileges, and immunities secured by the United States Constitution and the federal laws. The only specific amount requested as damages is plaintiff's $350.00 filing fee. (Id. Wherefore Clause.)

B.    Motion to Dismiss

On May 12, 2010, defendants filed a motion to dismiss ("Motion") (ECF No. 6) the Complaint. Defendants seek dismissal of all claims asserted by plaintiff on the bases that the claims: 1) lack federal jurisdiction on both diversity and federal question grounds; (2) are time-barred by the applicable statute of limitations; (3) fail to state a claim upon which relief can be granted; and 4) are barred by doctrines of preclusion. On May 27, 2010, plaintiff filed a response to defendants' Motion (ECF No. 9) and a brief in support. (ECF No. 10.)

## II.     Legal Standards

### A.     Subject-Matter Jurisdiction

As a threshold matter this court must determine whether it has subject-matter jurisdiction. In re Orthopedic "Bone Screw" Prods. Liab. Litig. 132 F.3d 152, 155 (3d Cir. 1997) (citing Underwood v. Maloney, 256 F.2d 334 (3d Cir.); Employers Ins. of Wausau v. Crown Cork & Seal Co., Inc., 905 F.2d 42, 45 (3d Cir. 1990) ("It is an elementary principle that federal courts are courts of limited jurisdiction, empowered to hear cases only as provided for under Article III of the Constitution and congressional enactments pursuant thereto.") (citing Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986))). Consequently "[a] federal court is bound to consider its own jurisdiction preliminary to consideration of the merits." Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n of Phila., 657 F.2d 29, 36 (3d Cir. 1981) (citing Am. Fire & Cas. Co. v. Finn, 341 U.S. 6, 71 (1951)).

The burden of establishing subject-matter jurisdiction in the district court lies with the party seeking to invoke the court's jurisdiction. KVOS Inc. v. Associated Press, 299 U.S. 269, 278 (1936); see Carpet Group Intern. v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). If the court's subject-matter jurisdiction is challenged based upon the sufficiency of the pleading's allegations, i.e., there is a "facial" attack on the pleading, the allegations in the complaint are taken as true and construed in a light most favorable to the complainant. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (case dismissed upon facial attack on complaint, without consideration of extrinsic evidence), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Cedars-Sinai Med. Center v. Watkins, 11 F.3d 1573, 1583 (Fed.

Cir. 1993); 2A JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 12.30 [4], at 12-45 (2010)).

  B. <u>Failure to State a Claim</u>

A motion to dismiss tests the legal sufficiency of the complaint. <u>Kost v. Kozakiewicz</u>, 1 F.2d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits. Rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. <u>U.S. Express Lines Ltd. V. Higgins</u>, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") motion to dismiss, a complaint must provide more than labels and conclusions. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 550, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." <u>Id</u>. (citing <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." <u>Id</u>.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [<u>Twombly</u>] at 556, 127 S.Ct. 1995. The plausibility standard is not akin to the "probability requirement" but it asks for more than a sheer possibility that a defendant has acted unlawfully. <u>Ibid.</u> Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" <u>Id.</u>, at 557, 127 S.Ct. 1955 (brackets omitted).

<u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009).

Two working principles underlie Twombly. Id. at 1949-50. First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a claims's elements, supported by mere conclusory statements. Id. Second, determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense. Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. at 1950. (citing FED. RULE CIV. PROC. 8(a)(2)).

A court considering a motion to dismiss may begin by identifying pleadings that are not entitled to the assumption of truth because they are mere conclusions.

> While legal conclusions can provide the framework of the complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id.

While this court is mindful that pro se plaintiffs are not held to as high a standard as litigants that are represented by counsel, a pro se plaintiff must still plead the essential elements of his or her claim and is not excused from conforming to the standard rules of civil procedure. McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel . . . ."); Haines v. Kerner, 404 U.S. 519, 520 (1972). Thus, plaintiff, even though they are pro se, must set forth sufficient information that would allow the court to

infer that, accepting plaintiffs' allegations as true, defendants violated plaintiffs' federal rights. Kost, 1 F.3d at 183.

## III. **Federal Jurisdiction**

### A. Subject-Matter Jurisdiction

Defendants argue the court lacks subject-matter jurisdiction based upon allegations in the Complaint. Defendants contend that the court should dismiss plaintiff's Complaint because plaintiff fails to establish federal jurisdiction based upon either diversity or federal question. That argument presents a facial challenge to the court's subject-matter jurisdiction and the court is not required to review evidence extrinsic to the pleadings, except matters of which the court may take judicial notice. See Anspach v. City of Phila., 503 F.3d 256, 273 n.11 (3d Cir. 2007) (court may take judicial notice of public records when ruling on Rule 12(b)(6) motions to dismiss); Pinewood Estates of Mich. v. Barnegat Twp. Leveling Bd., 898 F. 2d 347, 349-50 n.4 (3d Cir. 1990) (proper to treat facial attack under Rule 12(b)(1) under standards applicable to Rule 12(b)(6) motions to dismiss), abrogated on other grounds by Yee v. City of Escondito, Cal., 503 U.S. 519, 526 (1992); Schamerhorn v. United States Dep't of Army, Civ. A. No. 01-914, 2009 WL 774967, at *2 (W.D. La. Mar. 23, 2009) (A facial attack under Rule 12(b)(1) "is treated similarly to motion under Fed. R. Civ. P 12(b)(6).").

"Federal courts are courts of limited jurisdiction, and when there is a question as to our authority to hear a dispute, 'it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits.'" Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) (quoting Carlsberg Res. Corp. v. Cambria Sav. &

Loan Ass'n, 554 F.2d 1254, 1256 (3d Cir. 1977). Original subject-matter jurisdiction is established by meeting the requirements of either diversity of citizenship, coupled with satisfying the requisite amount in controversy, pursuant to 28 U.S.C. §1332; or by pleading a violation of a federal statute, the United States Constitution, or federal law, pursuant to 28 U.S.C. §1331.

1. Diversity of Citizenship Jurisdiction

Defendants note that plaintiff identifies defendants and himself as residents of Pennsylvania, thereby confirming a lack of diversity pursuant to 28 U.S.C. §1332. Plaintiff did not address this issue in his response to defendants' Motion.

"Federal courts have diversity jurisdiction where there is complete diversity among the parties, and the amount in controversy meets the jurisdictional minimum." In re LifeUSA Holding Inc., 242 F.3d 136, 142 (3d Cir. 2001). The federal statute setting forth diversity of citizenship provides in relevant part:

> **§ 1332. Diversity of citizenship; amount in controversy; costs**
>
> **(a)** The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>
> **(1)**    citizens of different States; . . ..

28 U.S.C.A. § 1332.

Here, plaintiff alleges that both defendant University and he are citizens of Pennsylvania. Plaintiff does not allege the citizenship of defendant Ochs. Neither does plaintiff allege that the amount is controversy is in excess of $75,000. Thus, plaintiff did not plead federal jurisdiction based upon diversity of citizenship.

8

2.  Federal Question Jurisdiction

Defendants contend that plaintiff's mere listing of federal statutes and the United States Constitution is not sufficient to establish federal question jurisdiction.  Plaintiff's response reiterates that "§ 1983", . . . and Title VI of the  Civil Rights Act of 1964 prohibits discrimination on the basis of race, color, or national origin in programs and activities that receive Federal Financial assistance."  (Pl.'s Br. in Opp. to Defs.' Mot. 2.)  Plaintiff also notes that § 1981 "forbids race discrimination in contractual relationships."  (Id.)

The federal statute setting forth federal question jurisdiction provides in relevant part:

> **§ 1331. Federal question**
>
> The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

28 U.S.C.A. § 1331.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Berne Corp. v. Gov't of The V.I., 570 F.3d 130, 136 (3d Cir. 2009) (quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, (1987)).  As stated by the authors of a treatise on federal practice, determining whether a complaint is well-pled is not as forthright as the language suggests.

> The well-pleaded complaint rule is poorly named.  Despite the implication, it has nothing to do with whether the plaintiff's lawyer drafts pleadings well.  Rather, a well-pleaded complaint is one that would state only a claim.  The well-pleaded complaint rule stands for the proposition that the court, in determining whether the case arises under federal law, will look only to the claim itself and ignore any extraneous material.

13 D CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER, RICHARD D. FREER, FEDERAL PRACTICE AND PROCEDURE § 3566 at 261-62 (3d ed. 2008).

In addressing the issue, the Court of Appeals for the Third Circuit instructed:

> To determine whether a case "arises under" federal law, a court must look to the allegations of the plaintiff's "well-pleaded complaint". *Franchise Tax Board,* 463 U.S. at 10, 103 S.Ct. at 2846.. . ."[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Id.* at 10-11, 103 S.Ct. at 2846-2847 (quoting *Gully v. First National Bank,* 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936)). *See also New Jersey State AFL-CIO v. New Jersey,* 747 F.2d 891, 892 (3d Cir.1984). A corollary of this rule is that the "plaintiff is master of his claim and may choose not to assert a federal right that is available and rely only on state law ..." 14A Wright & Miller § 3722 at 266-68 (citing *The Fair v. Kohler Die & Speciality Co.,* 228 U.S. 22, 33 S.Ct. 410, 57 L.Ed. 716 (1913)).
>
> . . .. Not surprisingly, the issue is not as straightforward as the black letter law appears.
>
> In *Franchise Tax Board,* Justice Brennan, writing for a unanimous court, referred to two situations where federal jurisdiction could be available even though plaintiff based its claim in state court on state law: (1) when "it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims" or (2) when it appears that plaintiff's claim "is 'really' one of federal law." 463 U.S. at 13, 103 S.Ct. at 2848.

<u>United Jersey Banks v. Parell</u>, 783 F.2d 360, 365-66 (3d Cir. 1986).

Thus, a plaintiff can establish federal question jurisdiction by articulating on the face of the complaint a grievance based upon a violation of the United States Constitution, or a federal law, or when it appears that his claim is really one of federal law. Here, plaintiff stated that jurisdiction was established under:

> 42 U.S.C §1981 – Prohibiting race discrimination in contractual relationships;
> 42 U.S.C §1983 – Prohibiting discrimination "acting under color of state law";
> 42 U.S.C § 1359 dd, Emergency medical treatment and Active LaborAct.[sic];
> 42 U.S.C § 2000h-2-2 Denial of equal protection on account of race.;
> U.S. Patients [sic] Bill of Rights Act of 1999;
> Title VI of the Civil Rights Act of 1964;
> 14th Amendment- Equal Protection and Due Process clause[s].

Plaintiff's sole count arises under a state common law tort claim of negligence, it appears from the face of the complaint that plaintiff's claim may also be one of federal law, i.e., among others, racial discrimination pursuant to 42 U.S.C. §§ 1981, 1983. In addition to stating federal jurisdiction, plaintiff claimed on the face of the Complaint that he is an African-American who was wronged on the basis of his race. Under these circumstances, plaintiff implicated a federal question, however inartful, sufficient for the court to exercise jurisdiction pursuant to 28 U.S.C. § 1331. Therefore, the court has jurisdiction to hear this matter.

B. <u>Failure to State a Claim</u>

Defendants argue that plaintiff's claims should be dismissed for failure to state a claim on three grounds: 1) plaintiff's claims are barred by the applicable statute of limitations; 2) plaintiff fails to allege facts sufficient for the court to infer that plaintiff has a plausible claim for relief against defendants; and 3) plaintiff's Complaint should be dismissed under the doctrines of issue and claim preclusion. Plaintiff does not respond to these arguments.

Pursuant to Rule of Civil Procedure 12(b)(6), a complaint may be dismissed on the basis of failing to state a claim upon which relief can be granted. <u>Iqbal</u>, 129 S. Ct. at 1949; <u>Twombly</u>, 550 U.S. 557. This includes failing to bring a claim within the applicable statute of limitations.

See Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002) (holding that a motion to dismiss is appropriate where the time and dates alleged in the complaint show that a claim has not been brought within the applicable statute of limitations).

Here, defendants argue, among other things, that: 1) based upon applicable dates pled in the Complaint, i.e., June 9, 1996 and May 4, 2000 - plaintiff failed to file the instant matter in a timely manner by at least six to eight years; 2) plaintiff's claims are barred under doctrines of issue and claim preclusion; and 3) plaintiff failed to plead sufficiently plausible claims pursuant to the standards set forth in Twombly and Iqbal.

In his response to defendant's Motion, plaintiff did not respond to any of these arguments. Because resolution of these issues is dispositive of defendants' Motion with respect to any federal claim set forth in the Complaint, plaintiff is ORDERED to show cause why the Complaint should not be dismissed as:1) time-barred under the applicable statutes of limitations; AND 2) barred under the doctrines of issue and claim preclusion. In the alternative, plaintiff is given leave to file an amended complaint addressing defendants' arguments, and to plead additional facts sufficient to allow the court to infer that defendants violated plaintiff's federal rights.

No later than December 22, 2010 plaintiff shall respond to this rule to show cause or file an amended complaint that contains sufficient allegations of fact to show a plausible claim. Failure to show cause by that date or to file an amended complaint shall result in the dismissal of plaintiff's complaint with prejudice.

**IT IS SO ORDERED** this 22nd day of November, 2010.

By the court:

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
United States District Judge

cc: Curtis Hyram Paschal
    10255 Perry Hwy Apt. 7
    Wexford, PA. 15090